IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CHRISTIAN PIERCE,**　　　　　　　　　　　3:12-CV-01445 RE

　　　　　　Plaintiff,　　　　　　　　　　　**OPINION AND ORDER**

　　v.

**CAROLYN W. COLVIN,**
Acting Commissioner of Social Security,

　　　　　　Defendant.

**REDDEN**, Judge:

Plaintiff Christian Pierce ("Pierce") brings this action to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for Supplemental Security Income benefits. For the reasons set forth below, the decision of the Commissioner is reversed and this matter is remanded for further proceedings.

## BACKGROUND

1 - OPINION AND ORDER

Born in 1966, Pierce is a high school graduate. He has worked in fast food. Tr. 30. On July 16, 2009, Pierce protectively filed an application for supplemental security income benefits, alleging disability since July 1, 1997. Tr. 133. His application was denied initially and upon reconsideration. After an April 2011 hearing, an Administrative Law Judge ("ALJ") found him not disabled. Pierce's request for review was denied, making the ALJ's decision the final decision of the Commissioner.

## ALJ's DECISION

The ALJ found Pierce had the medically determinable severe impairments of borderline intellectual functioning and degenerative disc disease of the cervical spine, status post discectomy and fusion. Tr. 24.

The ALJ found that Pierce's impairments did not meet or equal the requirements of a listed impairment. Tr. 25.

The ALJ determined that Pierce retained the residual functional capacity ("RFC") to perform light work with simple, routine, entry-level tasks. Tr. 26.

The ALJ found Pierce was not disabled and retained the ability to perform his past relevant work as a fast food worker. Tr. 30. In the alternative, the ALJ found Pierce could perform other work in the national economy such as hand packager and telemarketer. Tr. 30-31.

The medical records accurately set out Pierce's medical history as it relates to his claim for benefits. The court has carefully reviewed the extensive medical record, and the parties are familiar with it. Accordingly, the details of those medical records will be set out below only as they are relevant to the issues before the court.

## DISCUSSION

Pierce contends that the ALJ erred by: (1) finding him not fully credible; (2) improperly weighing medical evidence; (3) failing to credit lay testimony; and (4) relying on Vocational Expert ("VE") testimony that contradicts the *Dictionary of Occupational Titles* ("DOT"). As set out below, the court need not address every assertion.

**I. Credibility**

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir 1998). Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reason for rejecting the claimant's testimony must be "clear and convincing." *Id.* The ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Id.* The evidence upon which the ALJ relies must be substantial. *Reddick,* 157 F.3d at 724. See also *Holohan v. Massinari,* 246 F.3d 1195, 1208 (9th Cir 2001). General findings (e.g., "record in general" indicates improvement) are an insufficient basis to support an adverse credibility determination. *Reddick* at 722. See also *Holohan,* 246 F.3d at 1208. The ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir 2002).

In deciding whether to accept a claimant's subjective symptom testimony, "an ALJ must perform two stages of analysis: the *Cotton* analysis and an analysis of the credibility of the claimant's testimony regarding the severity of her symptoms." [Footnote omitted.] *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir 1996).

3 - OPINION AND ORDER

> Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms "must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged...." *Bunnell*, 947 F.2d at 344 (quoting 42 U.S.C. § 423 (d)(5)(A) (1988)); *Cotton*, 799 F.2d at 1407-08. The *Cotton* test imposes only two requirements on the claimant: (1) she must produce objective medical evidence of an impairment or impairments; and (2) she must show that the impairment or combination of impairments *could reasonably be expected to* (not that it did in fact) produce some degree of symptom.

*Id.* at 1282.

The ALJ found Pierce's medically determinable impairments could reasonably be expected to cause his symptoms, but Pierce was not fully credible to the extent his symptoms are inconsistent with the RFC. Tr. 21-23.

Pierce testified he has chronic neck pain, with drowsiness and dizziness from pain medication. Tr. 40-41. He stated he is not supposed to lift anything. Tr. 42. Pierce testified he has problems reading, writing, and comprehending, and was in special education classes through high school, which he finished after completing an extra semester. Tr. 42-43. He "struggle[s] a lot with talking to people and understanding what's going on." Tr. 43. Pierce testified that his ankle "rolls out." Tr. 44. He has incontinence resulting from a surgically repaired ruptured intestine. Tr. 46. Pierce stated his dominant hand gets numb and he cannot pick things up or grasp them. Tr. 57. He has glaucoma and does not go out at night because he cannot see. Tr. 58.

The ALJ stated Pierce's "allegedly limited daily activities cannot be verified with any reasonable degree of certainty." Tr. 27. This is not a clear or convincing reason to find Pierce less than fully credible, particularly when his testimony is corroborated by his wife. Tr. 216-223.

4 - OPINION AND ORDER

The ALJ noted Pierce's statement that he is "able to drive short distances,", but drove over 30 miles to a consultative examination with Maribeth Kallemeyn, Ph.D. This is not a clear or convincing reason to find Pierce less than fully credible.

The ALJ cited Pierce's report that he uses an electric cart when grocery shopping, and noted the use of the cart was not required by medical providers. Tr. 27. The ALJ is allowed to consider whether a claimant's use of an assistive device is supported by medical providers. *Verduzco v. Apfel,* 188 F.3d 1087, 1089-1090 (9th Cir. 1999).

The ALJ stated that no treating or examining physician opined that Pierce is disabled or has more significant limitations than those reflected in the RFC. Tr. 27. As set out below, this was error because the treating neurosurgeon identified lifting limits not reflected in the RFC. The ALJ noted that "the claimant's neck surgery was successful, and that his mental impairments would not prevent the performance of simple, unskilled work." Tr. 27. This is not a clear or convincing reason to find Pierce less than fully credible.

The ALJ did not identify clear and convincing reasons to fine Pierce less than fully credible, and this decision is not supported by substantial evidence.

## II. The Medical Evidence

Disability opinions are reserved for the Commissioner. 20 C.F.R. §§ 404.1527(e)(1); 416.927(e)(1). If no conflict arises between medical source opinions, the ALJ generally must accord greater weight to the opinion of a treating physician than that of an examining physician. *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir. 1995). In such circumstances the ALJ should also give greater weight to the opinion of an examining physician over that of a reviewing physician. *Id.* But, if two medical source opinions conflict, an ALJ need only give "specific and legitimate

5 - OPINION AND ORDER

reasons" for discrediting one opinion in favor of another. *Id.* at 830. The ALJ may reject physician opinions that are "brief, conclusory, and inadequately supported by clinical findings." *Bayliss,* 427 F.3d at 1216.

In March 2010, treating surgeon Maurice Collada, Jr., M.D., opined that Pierce was able to lift less than 20 pounds occasionally and frequently, was able to sit six to eight hours in an eight hour day, and walk/stand six to eight hours in an eight hour day. Tr. 381. The ALJ said he gave Dr. Collada's opinion "significant weight." Tr. 28.

The Commissioner concedes that the ALJ erred by failing to adopt Dr. Collada's lifting restrictions or provide reasons to reject them. She argues the ALJ's error is harmless and inconsequential to the ultimate nondisability determination because both the fast foods worker and inspector hand packager positions are defined as light work.

> STRENGTH: Light Work - Exerting up to 20 pounds of force occasionally [activity or condition exists up to 1/3 of the time] and/or up to 10 pounds of force frequently [activity or condition exists from 1/3 to 2/3 of the time] and/or a negligible amount of force constantly [activity or condition exists 2/3 or more of the time] to move objects. Physical demand requirements are in excess of those for Sedentary Work. Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting more of the time but entails pushing and/or pulling of arm or leg controls; and/or when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible.

*Dictionary of Occupational Titles,* available at 1991 WL 672682.

Pierce argues that the ALJ's failure to include or properly reject Dr. Collada's lifting restrictions was prejudicial because by definition a "light work" job requires the ability to lift 20

6 - OPINION AND ORDER

pounds occasionally. The Commissioner notes that the definition quoted above includes the phrase "[e]ven though the weight lifted may be only a negligible amount," and argues that Dr. Collada's lifting restrictions would not preclude Pierce's ability to perform his past relevant work as a fast food worker as generally performed in the national economy or Pierce's ability to perform other work as a hand packager. The Commissioner offers no authority for the proposition that "Light work" can be performed by a person restricted to lifting less than 20 pounds.

The ALJ's determination that Pierce can perform "Light work" is not supported by substantial evidence, and the error is not harmless. The Commissioner appropriately concedes that the ALJ erred in finding at step five that Pierce could perform other work as a telemarketer as there was no evidence identifying Pierce's transferable to the semiskilled job of telemarketer.

The ALJ's determination at steps four and five are not supported by substantial evidence.

## III. Remand for Further Proceedings

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel,* 211 F.3d 172, 1178 (9th Cir. 2000), *cert. denied,* 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r,* 635 F.3d 1135, 1138-39 (9th Cir. 2011)(quoting *Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir. 2004)). The court may not award benefits punitively, and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Id* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.* The "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart*, 340 F.3d 871, 876 (citing *Bunnell v. Sullivan*, 947 F.2d 871(9th Cir. 2003)(en banc)). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010).

The ALJ's failure to address the lifting limitations identified by the treating physician is erroneous for the reasons set out above. However, even if the physician is credited, it is not clear that Pierce would be unable to maintain employment.

## CONCLUSION

The Commissioner's decision that Pierce was not disabled is not based upon the correct legal standards or supported by substantial evidence. Accordingly, this matter is remanded for further proceedings in accordance with this Opinion and Order.

IT IS SO ORDERED.

Dated this 27th day of January, 2014.

_____
JAMES A. REDDEN
United States District Judge

8 - OPINION AND ORDER